STATE v. FRANK STUTTS.

(Filed 28 November, 1945.)

**1. Intoxicating Liquor § 9d—**

In criminal prosecution for unlawful possession of illicit liquor, where the evidence tended to show that defendant on his arrest said that the whiskey belonged to him, it having been found in his room, the door of which he unlocked for the arresting officers to enter, an issue of fact is presented, notwithstanding a radical shift of position by defendant on the trial and denial of any knowledge of the liquor, hence motion to dismiss under G. S., 15-173, was properly overruled.

**2. Criminal Law § 62½ —**

On conviction of unlawful possession of illicit liquor and finding by the court that same was a breach of the condition on which a former sentence was imposed, the sentence ordered for the breach of condition being for a term less than imposed for the present offense, both running concurrently, there is no prejudicial error.

APPEAL by defendant from *Sink, J.,* at May Term, 1945, of MOORE.

Criminal prosecution on charge of unlawful possession of illicit liquor.

The jury returned a verdict of guilty. Thereupon the court adjudged that the condition on which a sentence imposed at the January Term, 1941, was suspended had been breached and ordered commitment. Defendant excepted.

Judgment was pronounced and defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody and Tucker for the State.*

*W. Clement Barrett and H. F. Seawell, Jr., for defendant, appellant.*

PER CURIAM. When arrested the defendant said the whiskey belonged to him. It was found in a room in a shack occupied by him when on a fishing trip. He changed clothes in that room on the afternoon of his arrest and he unlocked the door thereto for the officers.

At the trial he made a radical shift of position and denied any knowledge of the liquor or its ownership. This presented an issue of fact for the jury. Hence the motion to dismiss under G. S., 15-173, was properly overruled.

A careful examination of the other exceptive assignments of error fails to disclose any cause for disturbing the verdict.

The sentence ordered in effect for breach of condition was for a term less than the sentence here imposed and is to run concurrently. Therefore, any error therein does not prejudice the defendant.

No error.